# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MID-CONTINENT CASUALTY COMPANY,     Case No: 6:10-cv-1121-Orl-35GJK
a foreign corporation,

        Plaintiff,

vs.

THOMAS ANDREW and CONSTANTINA
ANDREW, citizens of Floida, LAUFEN, INC.,
a Florida corporation, and JAMES JACKSON, a
citizen of Florida,

        Defendants.     /

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Mid-Continent Casualty Company ("Mid-Continent"), sues Defendants, Thomas and Constantina Andrew ("Andrews"), Laufen, Inc., a Florida Corporation ("Laufen"), and James Jackson ("Jackson") for declaratory relief as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual controversy between the parties.

2. The Plaintiff, Mid-Continent, is an Ohio corporation with its principal place of business in Tulsa, Oklahoma.

3. The Defendants, Andrews, are citizens of the State of Florida residing in Brevard County, Florida.

4. The Defendant, Jackson, is a citizen of the State of Florida currently residing in Birmingham, Alabama.

5. The Defendant, Laufen, is an inactive Florida corporation which was formerly located in Brevard County, Florida.

6. Jurisdiction in this court is proper since the amount in controversy exceeds $75,000.00 exclusive of interest, attorney's fees and costs.

7. Venue in this district is proper, since one of the Defendants reside in this district and the house that was allegedly damaged by defective construction is located in Brevard County, Florida.

8. Laufen was hired to repair and construct a home owned by Andrews which was previously damaged by a hurricane.

9. Jackson was the President and registered Agent of Laufen.

10. Laufen allegedly failed to perform its contract, and was terminated by Andrews before it completed its contract.

11. As a result Laufen and Jackson were sued by Andrew. A copy of Andrews' Amended Complaint is attached as Exhibit "A".

12. After the Andrews' lawsuit was served, Laufen tendered the matter to Mid-Continent and Mid-Continent agreed to provide Laufen and Jackson with a defense subject to a full and complete reservation of rights.

13. The Andrews' matter was set for trial before Judge Wohl.

14. Jackson was repeatedly advised of the trial and refused to attend. As a result he did not testify at the trial.

15. At trial defense counsel attempted to read the deposition testimony of Mr. Jackson in order to defend his clients.

16. The judge precluded defense counsel from reading the deposition testimony Mr. Jackson. Accordingly the jury never heard Jackson's testimony.

17. On April 23, 2010 judgment was entered in favor of Andrew and against Laufen and Jackson. A copy of the judgment is attached as Exhibit "B".

18. Mid-Continent entered into contracts of insurance with Laufen, policy Nos. GL 551245, GL 593159 and GL 635192 which were in effect from June 17, 2004 to June 17, 2007 (the "Policies"). Copies of the policies are attached as Exhibit "C".

19. Andrews are proper parties to this action as their rights may be affected by this Court's declaration.

20. All conditions precedent have either been performed or waived.

## COUNT I – NO COVERAGE – NO COOPERATION

21. Mid Continent realleges paragraphs 1 through 20 as paragraph 21 of Count I.

22. The Mid-Continent Policies provide in part:

   **2. Duties In the Event Of Occurrence, Offense, Claim Or Suit**
   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit as soon as practicable.

  c. You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2) Authorize us to obtain records and other information;

    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

23. Laufen and Jackson failed to comply with its contractual obligation in the event of an occurrence, offense, claim or suit.

24. As a result of Laufen and Jackson's failure to cooperate, Mid-Continent was prejudiced as either a judgment or judgment in amount greater than should have been awarded was entered against Laufen and Jackson and in favor of Andrews.

25. That despite Laufen and Jackson's failure to cooperate with Mid-Continent, the Andrews have requested that Mid-Continent indemnify their clients for damages in an amount in excess of $75,000, exclusive of interest, costs and attorney's fees that was allegedly caused by Laufen and Jackson.

26. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

14477460v1 911923 56475

WHEREFORE, the Plaintiff, Mid-Continent Casualty Company, requests this Court to find and declare that Mid-Continent has no duty to defend or indemnify Laufen and Jackson as a result of their failure to comply with their duties in the event of an occurrence, offense, claim or suit and for any other relief the Court deems just and equitable under the evidence and circumstances.

## COUNT II - THE APPLICATION OF THE MOLD AND DAMAGE TO PROPERTY EXCLUSIONS PRECLUDE COVERAGE UNDER MID-CONTINENT'S POLICIES

27. Mid Continent realleges paragraphs 1 through 20 as paragraph 27 of Count II.

28. The Mid-Continent policies provide in part:

> **2.** **Exclusions**
> This insurance does not apply to:
>
> \*\*\*
>
> a.   Expected Or Intended Injury
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> **j.** **Damage To Property**
> "Property damage" to:
>
> \*\*\*
>
> (5)   That particular part of real property on which you or any contractors, or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6)   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> **m.** **Damage To Impaired Property Or Property Not Physically Injured**

14477460v1 911923 56475

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

**FUNGUS, MILDEW AND MOLD EXCLUSION**

This insurance does not apply to:

1. "Bodily injury", "property damage", "personal or advertising injury" or "medical payments" arising out of, or resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

2. Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

3. Any obligation to share with or repay any person, organization or entity, related in any way to items **1** and **2**.

29. There is no coverage under the Mid-Continent Policies to the extent coverage is precluded by the expected and intended, damage to property, impaired property, and the fungus, mold and mildew exclusions.

14477460v1 911923 56475

30. In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

WHEREFORE, Plaintiff, Mid-Continent Casualty Company, requests this Court to find and declare that Mid-Continent has no duty to indemnify Laufen and Jackson to the extent expected and intended, the damage to property, impaired property, and the fungus, mold and mildew exclusions apply.

## COUNT III – NO DUTY TO INDEMNIFY FOR DAMAGES THAT WERE NOT CAUSED BY AN OCCURRENCE OR FOR DAMAGES THAT DO NOT CONSTITUTE PROPERTY DAMAGE UNDER THE POLICIES

31. MCC realleges paragraphs 1 through 20 as paragraph 31 of Count III.

32. The Mid-Continent Policies provide in part:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "proerty damage" to which this insurance doe not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

**SECTION V – DEFINITIONS**

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

17. "Property damage" means:

7

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

33.    MCC's duty to indemnify is limited to pay damages because of property damage caused by an occurrence. To the extent the damages awarded to the Andrews were not caused by an occurrence or seek to recover the cost to repair and replace defective work as opposed to damage caused by Laufen and Jackson's defective work, or damages for economic loss, such damages do not meet the definition of property damage.

34.    In addition there is not coverage for attorney's fees as attorney's fees are not damages or damages because of property damage

35.    In view of the foregoing, an actual controversy exists among the parties, and this Court has the power to declare the rights and liabilities of the parties.

14477460v1 911923 56475

WHEREFORE, Plaintiff, Mid-Continent Casualty Company, requests this Court to find and declare that Mid-Continent has no duty to indemnify Laufen and Jackson and that the damages, if any, were not caused by an occurrence and that alleged damages do not constitute property damage under the Mid-Continent Policies.

Dated: July 27, 2010.

*/s/ Ronald L. Kammer*
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063