UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MID-CONTINENT CASUALTY COMPANY,

    Plaintiff,

v.                                           Case No. 6:10-cv-1121-Orl-36TBS

THOMAS ANDREW, CONSTANTINA
ANDREW, LAUFEN, INC., and JAMES
JACKSON,

    Defendants.

_____

## ORDER

Pending before the Court is Plaintiff and Defendants Thomas and Constantina Andrew's Joint Motion to Extend Deadlines (Doc. 50).[1] The parties seek an extension of the dispositive motions deadline from January 16, 2013 to March 15, 2013 and that the Court continue the trial to August, 2013 or thereafter. (Id.)

The parties seek an extension of the deadline for filing dispositive motions because the Andrews' expert witness who appeared for deposition on January 15, 2013 failed to produce his entire file as required by Plaintiff's subpoena duces tecum. (Id.) Counsel for the Andrews is in the process of producing the documents and the parties "are working diligently to resolve this issue without court intervention but will need additional time to review the documents and file their respective dispositive motions." (Id., ¶ 4).

---

[1] The Clerk entered defaults against Defendants Andrew Laufen, Inc. and James Jackson on November 2, 2010. (Docs. 21, 22).

This action was instituted on July 28, 2010, based in part upon a state court final judgment. (Doc. 1). The Court entered its Case Management and Scheduling Order on December 6, 2010. (Doc. 24). On January 21, 2011 the stayed this action pending the outcome of the appeal of the state court judgment. (Doc. 25). The Court lifted the stay on June 12, 2012 and entered a new Case Management and Scheduling Order ("CMSO") on July 9, 2012. (Docs. 25, 32). The CMSO established the following deadlines:

| | |
|---|---|
| Disclosure of Expert Reports by Plaintiff | October 12, 2012 |
| Disclosure of Expert Reports by Andrews | November 13, 2012 |
| Discovery Deadline | December 12, 2012 |
| Dispositive Motions Deadline | January 16, 2013 |
| Trial Term Begins | July 1, 2013 |

On October 8, 2012, Plaintiff and the Andrews filed their joint motion to extend the deadlines for the disclosure of their expert witnesses, to complete discovery, and file dispositive motions. (Doc. 37). The Court granted the motion and the following new deadlines were set:

| | |
|---|---|
| Disclosure of Expert Reports by Plaintiff | November 12, 2012 |
| Disclosure of Expert Reports by Andrews | December 13, 2012 |
| Discovery Deadline | January 14, 2013 |
| Dispositive Motions Deadline | February 15, 2013 |

(Doc. 38).

The Andrews subsequently filed an unopposed motion to extend discovery on the ground that one of their experts was unavailable and the depositions of their experts could not be completed until January 15, 2013.  (Doc. 48).  The Court granted the motion and extended the discovery deadline through January 15, 2013.  (Doc. 49).

The CMSO provides:

> Dispositive Motions Deadline and Trial Not Extended – Motions to extend the dispositive motions deadline or to continue the trial are generally denied.  See Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09. The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 5 months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial.

The requested extension of the deadline to file dispositive motions would not give the Court the time it needs to decide those motions in advance of the current trial setting.  The parties seek to continue the trial until August or later on the ground that "[t]he Andrews have a long-planned business trip in the month of July and will not be available for the trial."  (Doc. 50, ¶ 6).  Nothing more is known about this trip and the Court wonders if it was arranged before or after the July 9, 2012 entry of the CMSO? There is no need for the parties to respond to the Court's question because either way, the parties have not demonstrated that manifest injustice will result if their joint motion is not granted.  Accordingly, the parties' Joint Motion to Extend Deadlines (Doc. 50) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on January 31, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel